United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 11-16170-jkf
John H. Grant                                                       Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2           User: admin              Page 1 of 1            Date Rcvd: Dec 23, 2016
                               Form ID: 3180W           Total Noticed: 13

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 25, 2016.
```
db             +John H. Grant,    1061 Radnor Road,    Wayne, PA 19087-2204
12519088        Montgomery County Tax Claim Bureau,    c/o XSPAND,    115 South Jefferson Road,    Bldg. D-1,
                 Whippany, NJ  07981
12535896       +Polonia Bank,    3993 Huntingdon Pike, Suite 300,    Huntingdon Valley, PA 19006-1932
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: bankruptcy@phila.gov Dec 24 2016 00:46:44      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 24 2016 00:45:38
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 24 2016 00:46:38       U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12591772       +EDI: OPHSUBSID.COM Dec 24 2016 00:33:00      BACK BOWL I LLC, SERIES B,
                 C O WEINSTEIN AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
12514053        EDI: BANKAMER2.COM Dec 24 2016 00:33:00      FIA CARD SERVICES, N.A.,    PO Box 15102,
                 Wilmington, DE 19886-5102
12537478       +E-mail/Text: bankruptcycollections@citadelbanking.com Dec 24 2016 00:47:14
                 Citadel Federal Credit Union,    PO BOX 147,    Thorndale, PA 19372-0147
13028102        EDI: AIS.COM Dec 24 2016 00:33:00      Midland Funding LLC,    by American InfoSource LP as agent,
                 Attn: Department 1,    PO Box 4457,    Houston, TX  77210-4457
12734217        EDI: PRA.COM Dec 24 2016 00:33:00      Portfolio Recovery Associates, LLC,    PO Box 41067,
                 Norfolk VA 23541
12529715        E-mail/Text: ebn@vativrecovery.com Dec 24 2016 00:45:26      Palisades Acquisition IX, LLC,
                 Vativ Recovery Solutions LLC, dba SMC,    As Agent For Palisades Acquisition IX, L,
                 PO Box 40728,    Houston TX 77240-0728
12593949        EDI: ECAST.COM Dec 24 2016 00:33:00      eCAST Settlement Corporation,    POB 29262,
                 New York, NY 10087-9262
                                                                                              TOTAL: 10

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13028727*       Midland Funding LLC,    by American InfoSource LP as agent,    Attn: Department 1,   PO Box 4457,
                 Houston, TX  77210-4457
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 25, 2016                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 22, 2016 at the address(es) listed below:
```
              ANDREW F GORNALL    on behalf of Creditor    Polonia Bank s/b/m to Earthstar Bank
               agornall@kmllawgroup.com, bkgroup@kmllawgroup.com
              ANN E. SWARTZ    on behalf of Creditor    Polonia Bank s/b/m to Earthstar Bank ecfmail@mwc-law.com,
               ecfmail@mwc-law.com
              DANIEL T. MCGRORY    on behalf of Debtor John H. Grant dmcgrory@pmrbm.com
              THOMAS I. PULEO    on behalf of Creditor    Polonia Bank s/b/m to Earthstar Bank
               tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER    ecfemails@ph13trustee.com, philaecf@gmail.com
              WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER ecfemails@ph13trustee.com,
               philaecf@gmail.com
                                                                                               TOTAL: 7
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **John H. Grant** <br> First Name    Middle Name    Last Name | Social Security number or ITIN   **xxx−xx−9578** <br> EIN   _ _−_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN   _ _ _ _ <br> EIN   _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **11−16170−jkf** | |

# Order of Discharge                                                                                                12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

John H. Grant

12/22/16                                                                **By the court:**       Jean K. FitzSimon
                                                                                                United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**